## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

| | |
|---|---|
| **CENTURY HEALTH & HOSPITALITIES LIMITED** : <br> **Plot 574 Yakubu Gowon Street** : <br> **Asokoro, Abuja Nigeria** : <br> : <br> **Plaintiff,** : <br> : <br> v. : <br> : <br> **CANTOR FITZGERALD & COMPANY** : <br> **110 East 59th Street** : <br> **New York, NY 10022** : <br> : <br> **Defendant.** : | **Case No.:** <br> **Judge:** |

## **COMPLAINT**

Now Comes the Plaintiff, CENTURY HEALTH & HOSPITALITIES LIMITED (hereinafter "Century"), by and through their attorneys, C. Jude Iweanoge and THE IWEANOGES FIRM, PC, and sues the Defendant, CANTOR FITZGERALD & COMPANY (hereinafter "Cantor"), for breach of contract and unjust enrichment, and in support thereof states as follows:

### **PARTIES, JURISDICTION AND VENUE**

1.      The Plaintiff, Century Health & Hospitalities Limited, is a Hospitality Company registered under the laws of Nigeria.

2. The Defendant Cantor Fitzgerald & Company is a global financial services firm authorized to do business in the District of Columbia with its principal place of business in the state of New York.

3. This Court has subject matter jurisdiction based upon diversity of citizenship of the parties who are from different states pursuant to 28 U.S.C. § 1332. Plaintiff's claims and the amount in controversy exceed $75,000.00 exclusive of interest and costs.

4. This Court has personal jurisdiction over Defendant because Defendant and its agents: intentionally avail themselves of this jurisdiction by soliciting business in and providing services within the District of Columbia. Moreover, the contract that forms the basis of this lawsuit was entered into in the District of Columbia.

5. Venue is proper within this District under 28 U.S.C. § 1391 because Defendant regularly solicit business and transact business in this District; certain acts giving rise to the breach asserted in this Complaint occurred in this District.

**FACTS**

6. On or about September 20, 2015, Plaintiff, Century Health & Hospitalities Limited, a hospitality company entered into an agreement with Defendant Cantor Fitzgerald, whereby Cantor was to raise financing for Century in the amount of $305,000,000.00 or its equivalent in alternative currency through the issuance of debt capital in any form.

7. The terms of the contract required Century to pay Cantor $500,000.00 upon execution of the agreement for their services and upon the first closing of the financing

and subsequent closing, a cash fee equal to 1% of the aggregate amount of any financing raised.

8. Under the terms of the contract, for the payment of $500,000.00 made to Cantor, Cantor was required to assist Century in (a) review and analysis of the business, financial condition and prospects of Century; (b) preparation of marketing materials concerning Century and the financing for distribution and presentation to prospective investors; (c) preparation and implementation of a marketing plan; (d) solicitation of, and the review of proposals received from prospective investors; (e) review from a financial point of view, of proposed financing structures and terms; (f) arranging for prospective investors to conduct business investigations; and (g) participation in the negotiation of the financing under Century's guidance.

9. Between November 2015 and February 2016, Century made the required payment of $500,000.00 to Cantor. However, at all times thereafter Cantor refused to perform any of the services it was obligated to perform under the contract.

10. Plaintiff made several requests to Cantor to comply with the terms of the agreement but Defendant refused to perform any of the services enumerated in the agreement to raise any financing as required under the agreement.

11. Defendant represented to Plaintiff that it will not perform any services on Plaintiff's behalf because Cantor has no further intention of seeking any financing for any project in Nigeria. Consequently, Plaintiff made several demands on Defendant to return its $500,000.00 but Defendant refused.

## COUNT ONE
## BREACH OF CONTRACT

The Plaintiff adopt by reference the allegations contained in paragraphs 1 through 11 of this Complaint with the same effect as if fully set forth herein.

12. Plaintiff made a payment of $500,000.00 to Defendant to raise financing and perform ancillary services yet Defendant refused to perform any of the services provided in the contract and/or raise any financing for Plaintiff.

13. Defendant's failure to comply with the terms of the agreement and perform the enumerated services and/or assist Plaintiff in raising the required financing, is a material breach of its contract with Century.

14. As a result of Defendant is breach, Century has suffered damages in the amount of Five Hundred Thousand Dollars ($500,000.00) plus interest.

WHEREFORE, Plaintiff demands judgment against Defendant in the amount of Five Hundred Thousand Dollars ($500,000.00) plus costs, pre-judgment interest, and post-judgment interest.

## COUNT TWO
## UNJUST ENRICHMENT

The Plaintiff adopts by reference the allegations contained in paragraphs 1 through 14 of this Complaint with the same effect as if fully set forth herein.

15. Defendant's retention of the funds paid by Century in the amount of $500,000.00 with knowledge that it did not perform any services required under the contract makes it inequitable for Defendant to retain the funds.

16. Defendant has refused to return the funds despite repeated requests.

WHEREFORE, Plaintiff demands judgment against Defendant in the amount of $500,000.00 plus costs, pre-judgment interest, and post-judgment interest and any and all other relief to which this Court finds that it is entitled.

Respectfully submitted,
THE IWEANOGES' FIRM, P.C.

By:_____
C. Jude Iweanoge (Bar #: 493241)
Charles C. Iweanoge (Bar #: 465663)
1026 Monroe Street, NE
Washington, D.C. 20017
Telephone: (202) 347-7026
Fax:         (202) 347-7026
Email:     jci@iweanogesfirm.com

## JURY DEMAND

The Plaintiff through Counsel respectfully demands a jury trial on all issues presented herein.

_____
C. Jude Iweanoge